In the Matter of the Claim of ARTHUR HAHN, Respondent, against BLOOM SCREEEN PRINT Co. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— This is an appeal from a decision of the Workmen's Compensation Board awarding compensation to claimant. The employer was engaged in the business of dyeing and printing textiles, employing claimant as a washer. In the course of his work he was exposed to toxic fumes from a "slop washer". It is not disputed that he inhaled the fumes and that he was at least temporarily disabled thereby. The issue here is the absence of evidence that the continuing conditions from which claimant was found to be suffering were caused or aggravated by his exposure to such fumes. That issue turns upon a conflict in medical evidence. The specialist in chemical acids in industry, to whom claimant was referred by the family physician, found him suffering from chronic hereditary xanthomatosis with hypercholesterolemia and involvements of the liver, vascular system, coronary arteries, bone marrow and liver. The family physician was in general agreement with such findings, but disagreed with the conclusions as to their relationship to the injury resulting from the inhalation of fumes. That physician, examining claimant on the evening of the injury, found pulmonary congestion, acute shortness of breath, coronary insufficiency and an acute dilatation of the heart to the left. He testified that the cardiac failure observed by him was due to the acute pulmonary congestion. Another physician, who examined claimant for the carrier, but who did not testify, reported his belief that the congested mucous membranes, the bronchitis and nephritis "are most likely related to the inhalation of the fumes, however, it is quite possible that the Hypertension, and the Myocarditis with the accentuated second aortic sound are old conditions not related to the inhalation of the fumes. I strongly advise that this case be kept under observation." About nine months later he reported to the carrier that he did not believe there had been a change for the better in the symptoms he noted in his earlier report, saying also, "one must note that at present he (claimant) also has a Secondary Anemia, which he did not have on previous examination." His report also contained the observation that it was impossible for claimant to do his usual work and expressed the "fear that his condition may become progressive." The specialist already mentioned testified that claimant was totally disabled, but that, while the effects of the fumes may have lasted for a certain number of months, the generalized conditions found by him were unrelated to the accident; that the nature of claimant's metabolic disturbance causing increased

cholesterol in his blood and damage to his arteries was progressive and constituted his primary condition. There was testimony that claimant had worked for the employer twelve or thirteen years and had had no difficulty in breathing or trouble with his eyes or nose. This record affords no analogy between the family physician's relation to and knowledge of claimant's case and the slight and casual nature of the contact of a general practitioner with another claimant discussed in *Matter of McCormack* v. *National City Bank of N. Y.* (303 N. Y. 5, 9). The record contains substantial support for the board's findings. Decision and award affirmed, with costs to the Workmen's Compensation Board. Foster, P. J., Coon, Halpern and Imrie, JJ., concur; Bergan, J., dissents.